IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID EARL PONDER | § | |
| Plaintiff, | § | |
| VS. | § | Case No. 4:13cv17 |
| CITY OF DENTON, TEXAS, et al. | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ABATING CASE DEADLINES AND CANCELLING FINAL PRETRIAL CONFERENCE AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Defendants' Motion to Dismiss Pursuant to Federal Rules 4(m) and 12(b), Alternative motions under Rules 12(e) and 7 for More Definite Statement Pursuant to Heightened Pleadings Requirement and Alternative Motion to Abate Discovery (Dkt. 14) and Defendants' Motion to Abate Scheduling Order Pending Ruling on Motion to Dismiss (Dkt. 39).

*Pro se* Plaintiff filed this case on January 11, 2013, and his motion for leave to proceed *in forma pauperis* was granted on February 1, 2013. *See* Dkts. 1 & 4. After five months had passed and there had been no activity in the case, the Court issued a notice of impending dismissal on July 3, 2013, giving Plaintiff until August 16, 2013 to file a verified petition with the Court regarding the service of process in this matter. *See* Dkt. 5. On August 8, 2013, Plaintiff filed a Motion to Vacate Dismissal of the Case and Continue Service of Process by the United States Marshal Service. *See* Dkt. 7. The pleading was not verified. Summonses were issued on August 8, 2013, and Defendants made their appearance herein on September 3, 2013

1

Defendants now seek dismissal of Plaintiff's claims on various grounds, and in the alternative, seek a more definite statement. Defendants argue that Plaintiff complains of events dating back to December 2010 and culminating on January 11, 2011 but that suit was not even filed until January 11, 2013 – a full two years later – and that they were not served with suit until August 2013 – more than seven months after that.

Under the Federal Rules of Civil Procedure, if a plaintiff has not effected proper service within 120 days of filing the complaint, the court may either dismiss the action without prejudice or allow additional time for service. FED. R. CIV. P. 4(m). Upon a showing of good cause for the failure of service, the court must extend the time for service. FED. R. CIV. P. 4(m). Good cause is more than inadvertence, mistake of counsel, or ignorance of the rules. *See System Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990). The plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Id.* And, "[e]ven if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). "A discretionary extension may be warranted, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (internal citations omitted).

After a hearing in this matter on January 23, 2014, the Court directed Plaintiff to submit a sworn statement regarding his efforts to prosecute this case, to obtain service, or to serve Defendants from February 2013 through August 2013. *See* Dkt. 31. On February 6, 2014, Plaintiff filed his

sworn statement regarding his service on Defendants. *See* Dkt. 34. According to Plaintiff's statement, he sustained injuries in February 2013 and April 2013 and was hospitalized in July 2013, causing his delay in the preparation of the summonses in this matter.

Although the Court is not convinced as to Plaintiff's showing of good cause, dismissal under Rule 4(m) would effectively be a dismissal with prejudice of this matter since the statute of limitations as to Plaintiff's claims has now run. *Id.* ("where the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice."). Therefore, the Court will not recommend dismissal of the suit under Rule 4(m).

This does not, however, end the inquiry as to Plaintiff's diligence in serving Defendants with the suit. The Court notes that Defendants have asserted a statute of limitations defense.

Although claims under Section 1983 are federal in nature, the length of the statute of limitations is determined by the law of the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed.2d 973 (2007). Specifically, in Section 1983 claims, the length of the statute of limitations is determined by the state's statute of limitations for personal-injury torts. *Id.*; *see also Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008). In Texas, a personal injury claim must be brought "not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003. Therefore – and it appears undisputed among the parties – the applicable length of the statute of limitations here is two years.

In Texas, a plaintiff must file a petition and exercise due diligence to have process issued and served on the defendant. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). "When a plaintiff files

3

within the limitations period, but fails to serve the defendant until after the period expired, the date of service can relate back to the date of filing only if the plaintiff exercised diligence procuring service to defendant." *See id.* at 260.

Generally, due diligence is a question of fact determined by a two-pronged test: "(1) whether the plaintiff acted as an ordinary prudent person would have acted under the same circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex. App.– Houston [1st Dist.] 1993, writ denied); *Eichel v. Ullah*, 831 S.W.2d 42, 43-44 (Tex. App.– El Paso 1992, no writ). A plaintiff's explanation for the delay in service must pertain to his diligence in seeking service of process and not a mistaken belief or misunderstanding of his obligations to serve. *Weaver v. E–Z Mart Stores*, 942 S.W.2d 167, 169 (Tex. App.– Texarkana 1997, no writ); *Paredes v. City of Odessa*, 128 F. Supp.2d 1009, 1019 (W.D. Tex. 2000); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 50-51 (Tex. App.– San Antonio 1999, no writ). Critical to a court's inquiry in evaluating a plaintiff's explanation for not serving within limitations is that "the purpose of the statute of limitations and the service of process requirement are to give the defendant legal notice of the claims asserted against him so that he may prepare his defense." *Paredes v. City of Odessa*, 128 F. Supp.2d 1009, 1020 (W.D. Tex. 2000).

The Court finds that the matter of whether Plaintiff exercised due diligence in order to avoid the application of the statute of limitations should be resolved before reaching the merits of Plaintiff's claims. The Court cannot resolve the issue on Plaintiff's sworn statement alone, and the summary judgment record must be developed with competent summary judgment evidence showing diligence, if Plaintiff's claims are to proceed.

4

Within 30 days of the date of this Report and Order, Defendants shall submit summary judgment briefing regarding their affirmative defense of the statute of limitations. Plaintiff shall file a summary judgment response, satisfying the evidentiary requirements of Federal Rule of Civil Procedure 56, within 45 days of service of Defendants' motion. Plaintiff should be mindful of the authority in the Fifth Circuit regarding diligence in service.

*See, e.g., Contreras v. Chavez*, 420 Fed. App'x 379, 381 (5th Cir. 2011) (noting that Texas courts have held delays of four, five and six months, without sufficient effort to serve defendant, negates due diligence as a matter of law); *Saenz v. Keller Industries of Texas, Inc*., 951 F.2d 665, 667 (5th Cir. 1992) ( "lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence."); *Barlow v. Wal-Mart Stores, Inc*., 215 Fed. App'x 317, 318 (5th Cir. 2006) (affirming grant of summary judgment on statute of limitations defense where the plaintiff (1) filed just before the limitations period expired, (2) did nothing for one month after filling suit, (3) waited an additional month after requesting and receiving summons from the clerk to request an extension, which was granted, (4) waited two weeks after the extension deadline to finally serve the defendants, and (5) offered no explanations other than that "family reasons" had prevented her from paying fees of thirty-three dollars necessary to obtain a process server). *See also Madis v. Edwards*, 347 Fed. App'x 106, 108-109 (5th Cir. 2009) (even though federal courts are permitted to fashion their own tolling provisions in exceptional circumstances, unfamiliarity with the legal process and pro se status are not grounds for equitable tolling under federal law). If there is any governing authority supporting Plaintiff's claims of diligence, he shall so cite it.

Defendants' Motion to Dismiss Pursuant to Federal Rules 4(m) and 12(b), Alternative motions under Rules 12(e) and 7 for More Definite Statement Pursuant to Heightened Pleadings Requirement and Alternative Motion to Abate Discovery (Dkt. 14) should be DENIED as to dismissal under Rule 4(m) and DENIED as MOOT as to all other requests pending the Court's consideration of the summary judgment evidence as to statute of limitations.[1] If the Court finds that there is a fact issue as to the statute of limitations defense such that Plaintiff's claims should proceed, Plaintiff will be required to amend his complaint to address the concerns raised by Defendants' motion for more definite statement. At this time, however, the Court finds that the parties' resources are best directed at whether Plaintiff's claims are barred by the statute of limitations.

For this reason, the Court also GRANTS Defendants' Motion to Abate Scheduling Order Pending Ruling on Motion to Dismiss (Dkt. 39). All deadlines set forth in the Court's February 18, 2014 Scheduling Order, Docket Entry 36, are hereby ABATED and the final pretrial conference is cancelled pending a ruling on the issue of statute of limitations.

---

[1] Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge as to the recommendation that the motion to dismiss be DENIED. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

If the Court finds Plaintiff's claims survive the statute of limitations, the parties are hereby directed to confer and submit an amended proposed agreed scheduling order within 15 days of the Court's disposition of the issue.

**SO ORDERED.**

**SIGNED this 16th day of July, 2014.**

*(signature)*
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE