IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID EARL PONDER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:13cv17 |
| | § | |
| CITY OF DENTON, TEXAS, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER AND
## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Defendants' Motion for Summary Judgment on Limitations (Dkt. 42) and Plaintiff's Motion to Amend Plaintiff's Original Petition (Dkt. 46). As set forth below, Plaintiff's Motion to Amend Plaintiff's Original Petition (Dkt. 46) is DENIED and the Court recommends that Defendants' Motion for Summary Judgment on Limitations (Dkt. 42) be GRANTED and that Plaintiff take nothing by any of his claims here.

*Pro se* Plaintiff filed this case on January 11, 2013, and his motion for leave to proceed *in forma pauperis* was granted on February 1, 2013. *See* Dkts. 1 & 4. After five months had passed without any activity in the case and after the Court issued a notice of impending dismissal, Plaintiff had summonses issued on August 8, 2013. *See* Dkts 8-13.[1] On September 3, 2013, Defendants

---

[1]In an August 8, 2013 motion seeking to explain his delay in service, Plaintiff claimed that he "has had, serious medical, physical, and financial limitations, that have prevented person attendance to preparing or servicing summons upon the defendants." Dkt. 7 at 1. Plaintiff alleged that he was robbed, assaulted and physically injured in February 2013; that he was physically injured again as a passenger in an accident in April 2013; and that he was hospitalized

1

appeared, and asserted among other defenses the defense of the statute of limitations and requested that the case be dismissed. Dkt. 14.

The Court denied Defendants' request for dismissal on the pleadings and directed Defendants to file a summary judgment motion on their statute of limitations defense. Defendants filed their motion on August 15, 2014. Plaintiff filed his response on September 29, 2014.[2] On the same day, Plaintiff filed a Motion to Amend Plaintiff's Original Petition. Both motions are now pending before the Court for resolution.

## MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

---

in late July 2013 for internal bleeding. *Id.* Plaintiff further claimed that he generally suffered from cataracts, night blindness, bi-polar manic depression and severe anxiety. *Id.*

[2]This filing was timely in accordance with the deadline set forth in the Court's July 16, 2014 Memorandum Opinion and Order Abating Case Deadlines and Cancelling Final Pretrial Conference and Report and Recommendation of United States Magistrate Judge. *See* Dkt. 40 at 5 (directing Plaintiff to file his summary judgment response within 45 days of service of Defendants' motion).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS OF STATUTE OF LIMITATIONS DEFENSE

In this case, Plaintiff brings claims under Section 1983 arguing that he was unconstitutionally removed from a public library and was not provided notice of a hearing regarding his removal. Defendants argue that Plaintiff complains of events dating back to December 2010 and culminating on January 11, 2011 but that suit was not even filed until January 11, 2013 – a full two years later – and that they were not served with suit until August 2013 – more than seven months after that.

As the Court has previously noted, in Section 1983 claims, the length of the statute of limitations is determined by the state's statute of limitations for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed.2d 973 (2007); *see also Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008). The applicable length of the statute of limitations here is two years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.003.

Plaintiff filed suit on January 11, 2013, thus any claims accruing prior to January 11, 2011 are barred as a matter of law. The Court's analysis does not end here, however. As to any claims accruing on January 11, 2011, Plaintiff must have still exercised due diligence in serving Defendants.[3] In Texas, when a plaintiff files within the limitations period, but fails to serve the defendant until after the period expired, the date of service can relate back to the date of filing *only if* the plaintiff exercised diligence procuring service to defendant. *Gant v. DeLeon*, 786 S.W.2d 259,

---

[3]The Court notes that Defendants' motion addresses the accrual of certain claims against some Defendants, arguing that no claims have been timely brought against them. Because the Court finds that the statute of limitations, and the lack of Plaintiff's diligence, bars any and all claims raised here, the Court need not address those distinctions here. The Court notes however that Defendants' arguments in this regard do appear meritorious.

4

260 (Tex. 1990).

The matter of a plaintiff's due diligence is generally a question of fact determined by a two-pronged test: "(1) whether the plaintiff acted as an ordinary prudent person would have acted under the same circumstances; and (2) whether the plaintiff acted diligently up until the time the defendant was served." *Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex. App.– Houston [1st Dist.] 1993, writ denied); *see also Eichel v. Ullah*, 831 S.W.2d 42, 43-44 (Tex. App.– El Paso 1992, no writ). A plaintiff's explanation for the delay in service must pertain to his diligence in seeking service of process and not a mistaken belief or misunderstanding of his obligations to serve. *Weaver v. E–Z Mart Stores*, 942 S.W.2d 167, 169 (Tex. App.– Texarkana 1997, no writ); *Paredes v. City of Odessa*, 128 F. Supp.2d 1009, 1019 (W.D. Tex. 2000); *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 50-51 (Tex. App.– San Antonio 1999, no writ). Critical to a court's inquiry in evaluating a plaintiff's explanation for not serving within limitations is that "the purpose of the statute of limitations and the service of process requirement are to give the defendant legal notice of the claims asserted against him so that he may prepare his defense." *Paredes*, 128 F. Supp.2d at 1020.

In their motion for summary judgment, Defendants argue that there is no evidence of diligence by Plaintiff in obtaining service on Defendants. In his response to the motion for summary judgment, Plaintiff has offered no summary judgment evidence to show that there is a genuine issue for trial. Instead, Plaintiff argues that January 11, 2011 was the date that the "true and real injury to him actually occurred by the actions of the Defendants." Dkt. 45 at 2.[4] Plaintiff later makes

---

[4]The Court notes that Plaintiff's response also references a December 30, 2011 and December 28, 2011 dates; however, these dates appear to be typographical errors as all

arguments about actions take by Defendants on January 22 and 30, 2011. *See id.* at 3-5. Even if new claims accrued on this date – and there is no evidence or argument to show that – such that Plaintiff filed his suit within the statute of limitations, he still is required to show diligence in service after filing suit.

The fact remains that Plaintiff has offered no summary judgment evidence that would show that he acted as an ordinary prudent person would have acted under the same circumstances or that he acted diligently up until the time Defendants were served. A nonmovant's burden on summary judgment is clear – to "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted). Plaintiff has not sustained his burden.

In the Court's findings regarding Defendants' motion to dismiss, Plaintiff was cautioned that his summary judgment response should include competent summary judgment evidence, satisfying the evidentiary requirements of Federal Rule of Civil Procedure 56, showing diligence for his claims to proceed. *See* Dkt. 40 at 5. The Court also cautioned Plaintiff to be mindful of the authority in the Fifth Circuit regarding diligence in service, directed Plaintiff to several exemplar cases, and ordered Plaintiff to cite to any governing authority supporting his claims of diligence. *Id.* Plaintiff has failed

---

previously filed pleadings reference December 30, 2010 and December 28, 2010, and Plaintiff's summary judgment argument only makes sense if Defendants' alleged actions occurred in December 2010. *See* Dkt. 45 at 2; 3. Indeed, in support of their motion for summary judgment, Defendants offer one page of records from the City of Denton consisting of the Notice of Criminal Trespass issued to David Ponder on December 30, 2010 at 2:35 p.m., upon which Plaintiff's complaint is based. *See* Dkt. 42-2.

to provide or cite to any summary judgment evidence, apply the Fifth Circuit authority cited by the Court, or cite to any authority that would show his diligence in service.

The Court notes that Rule 56 allows the Court to consider other materials in the record and to consider affidavits and declarations made on personal knowledge. *See* FED. R. CIV. P. 56(c). After a January 2014 hearing on the matter of Plaintiff's service on Defendants and the excuses given by Plaintiff, the Court ordered Plaintiff to submit a sworn statement regarding his efforts to prosecute this case, to obtain service, or to serve Defendants from February 2013 through August 2013. *See* Dkt. 31. On February 6, 2014, Plaintiff submitted his sworn statement. *See* Dkt. 34. Even if considered as part of the summary judgment record, Plaintiff's statement does not create a fact issue as to the statute of limitations issue.

In that statement, Plaintiff provided the following sworn allegations: (1) that he suffered an assault in early February 2013 resulting in fractured ribs and a knee and wrist injury; (2) that he was injured again in late April 2013 sustaining multiple fractures to his ribs, bruising and some minor cuts; (3) that he was hospitalized for seven days on July 21, 2013 for internal bleeding; (4) that he cannot operate motor vehicles at night and could not afford to hire a private process server; (5) that he suffers from bi-polar manic depression and episodes of severe anxiety; (6) that he applied for Social Security disability as of May 2013 and was granted disability in August 2013; (7) that he was required to endure constant pain and trips to medical facilities for treatment while unemployed and homeless; (8) that he used online resources to gain service addresses for Defendants "as his health and financial situation allowed" and most were inaccurate and out of date; and (9) that he complied

7

with the Court's deadline in its notice of impending dismissal. *Id.*

Plaintiff has offered no medical records or other evidence to substantiate his claimed medical issues or any other evidence that would explain how the claimed injuries would prevent him from preparing summonses in this case. Moreover, assuming Plaintiff's allegations are true, and even allowing for a reasonable recovery time as to each injury, there is no explanation given for why he did not prepare any summonses any time in March 2013 or early April 2013. Nor is there any explanation given for why no summonses were prepared any time in June 2013 or the first part of July 2013. The Court further notes that according to Plaintiff's own statement, although did not prepare any summonses in this case in May 2013, he was able to apply for disability benefits in May 2013.

As to Plaintiff's claim that he could not afford a private process server, no private process server was required as the Court's February 1, 2013 Order granting him leave to proceed in forma pauperis directed that the United States Marshal serve process on Defendants. *See* Dkt. 4. The only burden placed on Plaintiff was to prepare service of process. As to Plaintiff's claim that online resources were inaccurate as to service addresses, the Court notes that the first named Defendant was the City of Denton, an entity with a clear online presence. More importantly, as noted by Defendants in their summary judgment motion, Plaintiff's complaint filed in January 2013 listed addresses for all Defendants. *See* Dkt. 1 at 3. While the Court is not sure that such addresses were indeed correct for purposes of service, there is nothing in the record that would indicate that Plaintiff prepared summonses using these addresses in an effort to have Defendants served timely. Plaintiff's sworn

statement thus fails to create a fact issue as to his due diligence.[5]

Plaintiff was required to offer some evidence to show that he acted as an ordinarily prudent person would have acted under the same circumstances and that he acted diligently from January 2013 to August 2013 in serving Defendants. The Court finds that there is no evidence to create a fact issue regarding Plaintiff's delay of over seven months in obtaining service on Defendants and that the statute of limitations bars his claims.

The Court agrees with Defendants that there is nothing in the record that would show that Plaintiff was frustrated by numerous failed attempts at service or that Defendants in any way evaded service. Nor does the record contain any evidence that Plaintiff gave Defendants legal notice of any the claims asserted against them so that they could prepare their defense. The fact is that Plaintiff did not have any summonses issued – using either correct or incorrect service address information – for seven months. And Plaintiff's explanations for his delay in preparing the summonses do not sufficiently address all of the time that passed during the seven-month period. *See, e.g., Contreras v. Chavez*, 420 Fed. App'x 379, 381 (5th Cir. 2011) (noting that Texas courts have held delays of four, five and six months, without sufficient effort to serve defendant, negates due diligence as a matter of law); *Saenz v. Keller Industries of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992) ("lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence."); *Barlow v. Wal-Mart*

---

[5]As to Plaintiff's argument that he complied with the Court's deadline in its notice of impending dismissal, the Court notes that such notice was given to avoid dismissal under Rule 4(m) and not to absolve him from the application of any statute of limitations defense.

*Stores, Inc.*, 215 Fed. App'x 317, 318 (5th Cir. 2006) (affirming grant of summary judgment on statute of limitations defense where the plaintiff (1) filed just before the limitations period expired, (2) did nothing for one month after filling suit, (3) waited an additional month after requesting and receiving summons from the clerk to request an extension, which was granted, (4) waited two weeks after the extension deadline to finally serve the defendants, and (5) offered no explanations other than that "family reasons" had prevented her from paying fees of thirty-three dollars necessary to obtain a process server). *See also Madis v. Edwards*, 347 Fed. App'x 106, 108-109 (5th Cir. 2009) (even though federal courts are permitted to fashion their own tolling provisions in exceptional circumstances, unfamiliarity with the legal process and pro se status are not grounds for equitable tolling under federal law). The Court finds that, as a matter of law, Plaintiff failed to exercise due diligence in service of his original complaint.

## PLAINTIFF'S MOTION TO AMEND PLEADINGS

The Court now turns to Plaintiff's Motion to Amend Plaintiff's Original Petition (Dkt. 46), to determine whether an amended complaint would save any of his claims here. In his motion to amend, Plaintiff argues that, because the Court has abated the scheduling order in this case, he is "free to add witnesses, modify his motions, and/or amend his Original Petition." Dkt. 46 at 1. Plaintiff cites no authority for this assertion, and, indeed, it is not supported by the record herein.

The deadline to amend pleadings was June 2, 2014. *See* Dkt. 36. After that deadline passed, on July 16, 2014, the Court abated all pending case deadlines pending a resolution on the issue of statute of limitations. *See* Dkt. 40. It was noted that, if the statute of limitations did not bar his

claims, Plaintiff would be required to amend his complaint, but not until after the Court had resolved Defendants' limitations defense. *Id.*

Moreover, Plaintiff has not demonstrated the good cause required to warrant any amendment. Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir. 2008). Under Rule 16, a scheduling order set forth by the Court "may only be modified for good cause." FED. R. CIV. P. 16(b)(4). Although Plaintiff has not attached his proposed amendment as is generally required by the rules of this Court, Plaintiff argues that he seeks to amend his complaint to add claims under the Fifth and Fourteenth Amendments of the U.S. Constitution and to dismiss his Sixth Amendment claim. As any claims under the Fifth and Fourteenth Amendments would also fall under Section 1983, if at all, they too are subject to the two-year statute of limitations and, even if sufficiently stated, would be barred here.

The Court therefore **ORDERS** that Plaintiff's Motion to Amend Plaintiff's Original Petition (**Dkt. 46**) is **DENIED**. The Court further **RECOMMENDS** that Defendants' Motion for Summary Judgment on Limitations (**Dkt. 42**) and Plaintiff's Motion to Amend Plaintiff's Original Petition (Dkt. 46) be GRANTED, that Plaintiff take nothing by his claims because they are barred by the applicable statute of limitations, and that this matter be closed on the Court's docket with all costs incurred by the party incurring same.[6]

---

[6] The Court will not recommend that Defendants be awarded their costs given that Plaintiff is proceeding *in forma pauperis* and has alleged periodic episodes of homelessness and financial difficulties. It also appears that Defendants are not seeking costs. *See* Dkt. 42-1.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge as to the recommendation that the motion for summary judgment be GRANTED. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of October, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE